UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LARON MCKINLEY BEY,<br><br>     Plaintiff,<br>v.<br><br>CINDY O'DONNELL, WILLIAM POLLARD, DONALD STRAHADA, ANTHONY MELI, BRIAN GREFF, CHARLES FACKTOR, JESSE SCHNEIDER, CORY SABISH, SHANE WALLER, JOSEPH BEAHM, JEREMY STANIEC, JEFFREY GILL, MATTHEW BURNS, JESSE JONES, GAIL WALT, and CHRISTINE DEYOUNG,<br><br>     Defendants. | Case No. 13-CV-952-JPS<br><br><br><br><br>ORDER |

   The plaintiff, a prisoner incarcerated at Waupun Correctional Institution ("WCI"), proceeds *pro se* in this matter, in which he alleges that his civil rights were violated. (Docket #23). On November 26, 2013, this court granted plaintiff's motion for leave to proceed *in forma pauperis*, and screened the plaintiff's second amended complaint, pursuant to 28 U.S.C. § 1915A(a). (Docket #24). The court has also filed a Scheduling Order in this matter. (Docket #74).

   Plaintiff filed several motions, including: a motion for a temporary restraining order, a motion for appointment of an expert, a motion to recruit counsel, and a motion to certify a class. (Dockets #29, #36, #39, #42). Then, plaintiff filed a third amended complaint. (Docket #88). Plaintiff filed this third amended complaint prior to the deadline for amending his pleadings without leave of the court, as established in the case's Scheduling Order. (Docket #74). Counsel for the defendants filed a letter to the court, urging the court to screen the third amended complaint pursuant to 28 U.S.C. § 1915A(a). (Docket #105). The court agrees that this provision of the federal

code requires the court to screen the third amended complaint; this order thus begins by screening the third amended complaint before assessing plaintiff's pending motions.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a

cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). To state a claim for civil conspiracy, a plaintiff must identify the parties to, the general purpose of, and the approximate date of the alleged conspiracy. *Walker v. Thompson*, 288 F.3d 1005, 1008 (7th Cir. 2002). The court is obliged to give the plaintiff's *pro se* allegations, "however

inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's action stems, in part, from an incident on March 8, 2013. Plaintiff alleges that he was moved from one area to another area of the jail, and during transport the correctional officers twisted and wrenched his wrist for 20 to 30 minutes, causing excruciating pain and broken, fractured, and sprained fingers. Then, plaintiff alleges that he was transported to a "strip cage" and a strip search was conducted. Plaintiff further alleges that the pain caused him to lose control of his bowels, after which he was slammed into the steel cage door. Plaintiff also alleges that he was kicked while wearing leg shackles, the impact of which caused a 2.5-inch laceration on his right ankle. Plaintiff also alleges that when he was being escorted from the strip search cage, defendant Waller brandished a taser and fired it near plaintiff to scare him. Plaintiff alleges that following this incident, he was denied medical treatment for his injuries. Plaintiff further alleges that certain supervisors, discussed more fully below, failed to properly train and supervise the staff.

In a different vein, plaintiff further alleges that, between September 2013 and January 2014, several defendants utilized a "classical conditioning procedure," through manipulation of food delivery and a "series of repeated pairing association 'trials' with hypodermic syringes," in order to "condition a predictable behavioral response" in retribution for his litigating this case. Plaintiff also alleges that the defendants forced him to undergo several unnecessary medical appointments in order to "provoke and to condition a refusal response" from plaintiff, and to accumulate several "Refusals of Recommended Medical Treatment" forms in his medical file.

Subsection (b) of 28 U.S.C. § 1915A requires the court to "identify cognizable claims"; the court will address each of plaintiff's claims in turn.

First Claim: Plaintiff alleges that defendants Pollard, Strahada, Meli, Greff, and Schneider violated his Fourth, Eighth and Fourteenth Amendment rights in relation to the strip search policy when they failed to act. Unreasonable search and seizure is a cognizable constitutional claim, and a defendant may be liable for another person's unconstitutional actions under a theory of liability predicated on the defendant's failure to act to prevent the unconstitutional actions, in certain situations. *See Canedy v. Boardman*, 16 F.3d 183, 185 (7th Cir. 1994); *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477-478 (7th Cir. 1997). The court will allow plaintiff to proceed on this claim.

Second Claim: Plaintiff's second claim states "[s]upervisory liability failure to train deliberate indifference as to defendants Strahada, Meli, Greff and Schneider in violation of plaintiff's 4th, 8th, and 14th Amendment rights." In the facts section, plaintiff's complaint references these four defendants as supervising other officers who conducted the search on March 8, 2013. Reading the complaint as a whole, and liberally construing plaintiff's pro se filing, the court will read this claim as alleging that the four named defendants are liable for failing to train the officers under their command in relation to the strip search procedure. The court will allow plaintiff to proceed on this claim. As stated above, unreasonable search and seizure is a cognizable claim, and a supervisor may be liable for failing to properly train employees to properly handle recurring situations. *See Canedy v. Boardman*, 16 F.3d at 185; *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).

To minimize redundancy, the court will address plaintiff's Third Claim following the related Eighth Claim below.

Fourth Claim: Plaintiff alleges that defendants Sabish and Waller violated his Eighth and Fourteenth Amendment rights when they denied him

medical treatment and conspired to deny him medical treatment. The court will permit plaintiff to proceed with this claim; plaintiff has a constitutional right to adequate medical treatment, *Farmer v. Brennan*, 511 U.S. 825 (1994), and plaintiff has identified the parties, the purpose, and the dates of the alleged conspiracy. *Walker v. Thompson*, 288 F.3d 1005, 1008 (7th Cir. 2002).

Fifth and Sixth Claims: Plaintiff alleges that defendants Beahm and Gill violated his Eighth and Fourteenth Amendment rights when they used excessive force and denied him medical treatment; plaintiff also alleges that each defendant participated in the civil conspiracy. Reading the complaint as a whole, the court is satisfied that plaintiff states cognizable claims against these two defendants, and thus the court will allow plaintiff to proceed with both of these claims.

Seventh Claim: Plaintiff alleges that defendants Staniec, Jones and Burns denied him medical treatment and, reading the claim alongside the facts section, conspired to deny him medical treatment. On the authorities cited above, these are cognizable claims, and the court will allow them to proceed.

Eighth Claim: Plaintiff alleges that defendants Staniec, Waller, Jones, Schneider, DeYoung, Meli, and Waltz violated his Eighth and Fourteenth Amendment rights in engaging in "unlawful human subjects research." Throughout his complaint, plaintiff refers to "psychological techniques," but he provides scant details of actual conduct alleged to violate his rights. Plaintiff asserts that he has been subjected to a "classical conditioning procedure" involving his food delivery, but provides no further detail. Additionally, plaintiff submits a very disjointed paragraph in which he references "'trials' with hypodermic syringes" designed to "condition a predictable behavioral response." The missing element of this claim is any set

of facts from which the court could conclude that defendants engaged in conduct that violated plaintiff's constitutional rights; plaintiff has simply not provided any such facts, but instead, repeats psychological terms of art with no context. To state a claim, the "plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The dearth of factual allegations leaves the court to speculate regarding what conduct plaintiff seeks to challenge. Because the plaintiff has not provided a factual basis for his claim, the court will not allow plaintiff to proceed on this claim.

Third Claim: Returning briefly to plaintiff's third claim, plaintiff asserts "[s]upervisory liability failure to act deliberate indifference as to defendants O'Donnell and Factor in violation of plaintiff's 8th and 14th Amendment rights." Defendants O'Donnell and Factor are described in the facts section as administrators of the prison's grievance procedure. According to plaintiff, their liability stems from their knowledge that jail officers were subjecting plaintiff to "various psychological techniques," and their failure to act to stop it. Ruling against a prisoner on a grievance does not constitute a separate constitutional violation, *George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007), but knowing of an ongoing violation and failing to prevent further unconstitutional actions is a cognizable claim. Here, however, the court has concluded that plaintiff does not properly plead a claim showing entitlement to relief for any defendants' use of so-called "psychological techniques." As such, the court also concludes that plaintiff cannot proceed on his claim that defendants O'Donnell and Factor are liable for failing to prevent the use of "psychological techniques." Additionally,

because defendants O'Donnell and Factor are not named as defendants in any of the claims that pass screening, O'Donnell and Factor will be dismissed from this action.

Ninth Claim: Plaintiff asserts a claim for denial of medical treatment against defendant Waltz, and inadequate medical treatment by defendant DeYoung. Both allegations state cognizable claims, and the court will allow plaintiff to proceed.

Tenth Claim: Plaintiff recites several federal and state criminal laws, administrative codes, and Department of Corrections Work Rules which he alleges "the defendants" to have violated. The court will not permit plaintiff to proceed with any of these claims, as the statutes he cites do not state claims that a private citizen may bring against another private citizen in a civil proceeding. Furthermore, plaintiff does not plead with particularity which defendants he accuses of violating which statutes.

Finally,[1] plaintiff claims that defendant Waller is liable for "firing and brandishing of a tazer." Plaintiff cites *Parker v. Asher*, 701 F.Supp. 192, 194-95 (D. Nev. 1988), as authority. Though *Parker v. Asher* is not binding law in this district, the District of Nevada's analysis relied on Eighth Amendment case law. Liberally construing plaintiff's pro se claim, the court will permit the plaintiff to proceed with an Eighth Amendment claim against defendant Waller.

Having screened plaintiff's complaint and identified the claims plaintiff my proceed on, the court now turns to the motions pending in this case. Plaintiff has filed a motion to appoint counsel. (Docket #39). The court

---

[1]This allegation is embedded in plaintiff's fourth paragraph of legal theories. The court discusses it separately for clarity.

may, at its discretion, undertake recruitment of pro bono counsel in a civil case where the circumstances warrant it. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The court must assess whether the indigent plaintiff has attempted to obtain counsel and, if so, "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Id.* In assessing the plaintiff's competence to litigate, the court should consider his "literacy, communication skills, education level, and litigation experience." *Id.* at 655. First, the court has serious doubts as to whether it can be said that plaintiff attempted to obtain counsel in this case. Despite the fact that this case has been pending for months, plaintiff states that he sent letters to only four attorneys at three firms, which hardly evinces diligent efforts. But even if the court were to consider the plaintiff's efforts to be satisfactory, the court can only conclude that plaintiff is competent to litigate his case himself. The record shows a competent effort thus far, including participating in discovery and filing several briefs and motions with the court. For these reasons, the court concludes that recruitment of counsel in this case is not justified, and thus will deny plaintiff's motion.

Next, the court will consider plaintiff's motion to appoint an expert. (Docket #36). Plaintiff seeks an expert psychologist to testify regarding the use of psychological techniques. However, as explained above, the court has determined that plaintiff's third amended complaint does not state a cognizable claim regarding any allegedly unconstitutional psychological techniques. For this reason, the court finds no basis to support the appointment of an expert psychologist, and plaintiff's motion will be denied.

Plaintiff has also filed a motion to certify a class action in this case. (Docket #42). The motion will be denied. Because he is proceeding pro se,

plaintiff may only represent himself. *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002).

The court now turns to plaintiff's motion for a preliminary injunction. (Docket #29). In his motion, plaintiff seeks an order enjoining "Edward F. Wall and William Pollard and each of their officers, agents, employers, and all persons acting in concert or participation with them" from effecting "staff-assisted strip searches upon plaintiff, including tazing or brandishing of a taser or use of force upon him while rear cuffed, shackled and otherwise restrained and unresisting." Plaintiff also seeks an order enjoining "their practice of use of Classical Conditioning procedure through food delivery to plaintiff." Motion at 1-2. Because the court has determined that plaintiff's arguments regarding psychological techniques do not state a cognizable claim, the court will confine its analysis to plaintiff's first two points regarding the strip search and use of force.

A preliminary injunction is an extraordinary remedy, *Shaffer v. Globe Protection, Inc.*, 721 F.2d 1121, 1123 (7th Cir. 1983), and a court may only enter a preliminary injunction if the movant satisfies a significant burden. "To obtain a preliminary injunction, the moving party must show that its case has 'some likelihood of success on the merits' and that it has 'no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied.'" *Stuller, Inc. v. Steak N Shake Enter., Inc.*, 695 F.3d 676, 678 (7th Cir. 2012) (*quoting Ezell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011)).

The court concludes that a preliminary injunction is inappropriate in this case because plaintiff has not shown that he will suffer irreparable harm unless the court issues an injunction. Plaintiff's claims involving the strip search and use of force are backward-looking; plaintiff describes what defendants "have done" in the past, such as "subjecting plaintiff to excessive

use of force and unreasonable strip search, and denial of medical treatment." Brief in Support (Docket #38) at 4. As defendants point out in their responsive briefing, plaintiff's allegations focus on the events of March 8, 2013, and plaintiff has not alleged any ongoing policy or pattern that is currently injuring or threatens to injure plaintiff and will cause irreparable harm if not enjoined. Brief in Opposition (Docket #53) at 6. Plaintiff's reply brief states that he suffers "ongoing mental pain" but does not rebut defendant's point that plaintiff has not articulated an ongoing violation. Reply Brief (Docket #80) at 12. On the basis of the record before the court, the court concludes that plaintiff has not met his burden of showing that he will suffer irreparable harm if a preliminary injunction is denied, a burden plaintiff must satisfy to warrant injunctive relief. Because plaintiff does not satisfy his burden on this prong of the preliminary injunction test, the court need not address the other prongs of analysis and must deny plaintiff's motion.

Finally, the court addresses motions filed by the plaintiff seeking permission to file a full reply brief in support of his motions. (Docket #75 and #76). Two days after plaintiff filed those motions, he filed a full reply brief. (Docket #80). The court will deny plaintiff's motions as moot because his full reply brief is already part of the record in this case.

The deadlines established in the court's scheduling order (Docket #74) remain in effect.

Accordingly,

IT IS ORDERED that defendants Cindy O'Donnell and Charles Facktor be and the same are hereby DISMISSED;

IT IS FURTHER ORDERED that plaintiff's motion for a preliminary injunction (Docket #29) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that plaintiff's motion for appointment of an expert (Docket #36) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Docket #39) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that plaintiff's motion to certify class (Docket #42) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that plaintiff's motion for permission to file a reply brief and motion to file paper (Docket #75 and #76) be and the same are hereby DENIED as moot.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge