UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LARON MCKINLEY BEY,<br><br>                        Plaintiff,<br>v.<br><br>WILLIAM POLLARD,<br>DONALD STRAHADA, ANTHONY MELI,<br>BRIAN GREFF, JESSE J. SCHNEIDER,<br>CORY SABISH, SHANE M. WALLER,<br>JOSEPH BEAHM, JEREMY STANIEC,<br>JEFFREY GILL, MATTHEW BURNS,<br>JESSE JONES, GAIL WALT, and<br>CHRISTINE DEYOUNG,<br><br>                        Defendants. | Case No. 13-CV-952-JPS<br><br><br><br>ORDER |

      The plaintiff, a prisoner incarcerated at Waupun Correctional Institution ("WCI"), proceeds *pro se* in this matter, in which he alleges that his civil rights were violated. (Docket #23). On November 26, 2013, this court granted plaintiff's motion for leave to proceed *in forma pauperis*, and screened the plaintiff's second amended complaint, pursuant to 28 U.S.C. § 1915A(a). (Docket #24). The court has also filed a Scheduling Order in this matter. (Docket #74). On June 3, 2014, this court screened the plaintiff's third amended complaint and resolved several pending motions. (Docket #108). On July 23, 2014, this court issued an order resolving several additional plaintiff's motions. (Docket #141). The matter comes before the court on two further motions filed by the plaintiff. (Dockets #119, #135).

      First, plaintiff has filed a motion to compel. (Docket #119). In ruling on a motion to compel, the discovery standard set forth in Federal Rule of Civil Procedure 26(b) applies. The rule provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense... Relevant information need not be admissible at the trial if

the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, discovery may be limited if the court determines "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(c)(i).

Plaintiff first seeks to compel grievance complaints concerning mistreatment of inmates and reviewed by the supervisors, as well as any memoranda or reports created in response to those complaints. In response, defendants state that the grievances are treated as confidential and only released in limited circumstances. For example, pursuant to Department of Corrections ("DOC") regulation 310.16, staff working on grievances may reveal the identity of the complainants and the nature of the complaint only as necessary to investigate, implement a remedy, or "in response to litigation." The DOC treats the confidentiality "privilege" as belonging to the inmate, and allows the grievances to be revealed "in response to litigation" because it considers the privilege waived when the complaining inmate files a lawsuit. As defendants explain, the purpose of the confidential treatment is to ensure that inmates will be confident that they can utilize the grievance process without fearing retaliation; defendants state that requiring disclosure of the grievances "would create an unacceptable chilling effect on the entire purpose behind the inmate complaint process."

There is no reasonable dispute that information about previously-filed grievances is likely to be relevant to plaintiff's claims; the information would be relevant to establishing what the defendants knew or should have known. Additionally, while the defendants are right to point out the policy reasons for keeping the grievance complaints confidential, public policy is also served

by litigating in the public eye and shining a light on the behavior of our public servants. As such, the court will grant the plaintiff's motion to compel in part and with significant redactions. Defendants are to provide the plaintiff with a list of complaints received and reviewed by defendants Pollard, Strahada, Meli, Greff, Schneider, or Wall, and concerning the mistreatment of inmates by defendants Beahm, Waller, Staniec, Gill, Sabish, or Schneider. The list should not identify any other inmates by name. If any such complaints were filed, defendants must also provide the dates on which they were filed, name the defendants involved and in what capacity they were involved, and explain the resolution of the complaint. Plaintiff represents to the court that he is amenable to limiting the data to the past five years. Because defendants did not object to that time frame in their responsive filings, and because it seems a reasonable scope, the court will limit the report to any grievances filed in the past five years from today's date.

Plaintiff's second, third, fourth, and fifth requests seek written policies regarding strip searches, use of force, use of tazers, and reporting and treatment of injuries, respectively. Defendants reply that the documents are restricted and that allowing inmates to access them could breach institutional security. Defendants also argue that the policies are irrelevant because plaintiff is proceeding on claims challenging a specific incident, not a facial challenge, and because the relevant inquiry is whether WCI staff violated the constitution, not whether WCI staff violated internal policies. The court agrees with the defendants that the WCI policies are of very limited, if any, relevance to plaintiff's constitutional claims, and that requiring disclosure of the policies could affect institutional security. Plaintiff's motion is denied as to his second, third, fourth, and fifth requests.

Plaintiff's sixth request seeks the sergeant's log book and "bubble log book" pages for 9:30 a.m. to noon on March 8, 2013. Defendants respond that they provided the plaintiff with these documents accompanying their response. In his reply briefing, plaintiff acknowledges that he has received the requested logs, but asserts that defendants improperly redacted these documents. The motion before the court was a motion to compel, which was mooted by defendants' providing the document. Should plaintiff believe the document to be improperly redacted, he may file an appropriate motion—after complying with the district's Local Rules regarding conferring with opposing counsel—which will be subject to adversarial briefing. The court will not consider new arguments raised in reply briefing to an ongoing motion. It is the court's sincere hope that the parties will confer in good faith and resolve the issue without the need for court involvement.

Plaintiff's seventh request seeks an order compelling responses to several interrogatory and document requests, each identified by a letter. The court takes each individually, but in a different order than plaintiff's motion, for continuity of analysis.

Preliminarily, several of the interrogatories forming bases for plaintiff's requests seek legal conclusions and are, therefore, not the proper subject of an interrogatory. The interrogatory forming the basis for plaintiff's request 7c asks certain defendants to state whether they would be liable under a theory of supervisory liability given certain facts. The interrogatory forming the basis for plaintiff's request 7g asks certain defendants to state whether they have a duty to intervene given certain facts. The interrogatory forming the basis for plaintiff's request 7k cites a Wisconsin administrative code provision and asks whether defendant Pollard has a duty regarding cavity searches. The interrogatory forming the basis for plaintiff's request 7o

asks certain defendants to state whether it would be illegal for them not to intervene or not to report certain incidents. And finally, the interrogatory forming the basis for plaintiff's request 7p asks whether defendant Gill believes that a search would be illegal under certain circumstances. These requests plainly seek legal conclusions and are, therefore, not the proper subject of an interrogatory. Plaintiff's motion is denied as to these requests.

Request 7a asks whether another inmate sent a letter in February of 2013, alleging misuse of force. Defendants respond that any complaint filed by another inmate should remain confidential, for the reasons articulated in the discussion of plaintiff's first request, *supra*. Plaintiff's motion to compel defendants' response about this letter will be denied. Unlike plaintiff's first request, no redaction is possible to permit discovery while maintaining the confidentiality of the process.

Request 7b seeks interrogatories and documents relevant to whether defendants Schneider, Beahm, Jones, Gill, Staniec, Waller, and Sabish used force upon any of sixteen named prisoners while those prisoners were rear cuffed, and, if so, whether any grievances were filed. Defendants respond that the interrogatory is vague and overly broad, and that any complaints are confidential. For the reasons previously stated, the court will not order the defendants to produce any written grievances. Furthermore, it appears that the information plaintiff seeks is subsumed in his first request, and that data responsive to the first request as ordered by the court will include the data sought in request 7b.

The interrogatory forming the basis for plaintiff's request 7d asks for the name and docket numbers of any lawsuits alleging excessive use of force filed against certain defendants, and for a summary of the cases. In response, defendants produced docket sheets from PACER and CCAP. Plaintiff's

motion to compel seeks an order that defendants also summarize the cases. It is plainly not the defendants' obligation to provide a summary of publicly-available documents from prior litigation to the plaintiff. Relatedly, the interrogatories forming the bases for plaintiff's requests 7l and 7m seek a list of cases brought against defendant Beahm and information about the allegations of those suits. Defendants respond that the information is readily accessible in the jail's library. The court finds that this information regarding prior litigation "can be obtained from some other source that is more convenient, less burdensome, or less expensive" because plaintiff can seek out the cases in his institution's library. *See* Fed. R. Civ. Pro. 26(b)(2)(C)(i). Plaintiff's motion is, accordingly, denied as to these requests.

The interrogatory forming the basis for plaintiff's request 7e asks for logs showing the movement of inmates within the facility. Plaintiff argues that this information is relevant because plaintiff asserts that the defendants held him "for an extended time in order to further torment him under the guise or excuse of moving other prisoners." Defendants object on the grounds that the documents are confidential, may contain personal and protected health information, and that WCI does not supply detailed information regarding the movement of inmates to other inmates for security reasons. Plaintiff's request is trying to discover whether inmates were being moved at that specific time. Having considered the defendants' statements on the matter, the court believes that this request can be satisfied without providing any "personal and protected health information." Defendants are, therefore, instructed to answer the interrogatory, though, of course, they may redact the documents as necessary.

The interrogatory forming the basis for plaintiff's request 7f asks certain defendants if they saw "any obvious injuries to plaintiff." Defendants

object that the interrogatory is vague because it does not define the word "obvious" and because it does not specify whether plaintiff is referring to the March 8, 2013 date of injury, or to the following eighteen days throughout which plaintiff asserts he was denied adequate medical care. In reply, plaintiff refers to the March 8, 2013 incident. Defendants are instructed to respond to the interrogatory with this clarification. Defendants may refine their answer by providing their understanding of the word "obvious" as they see fit.

The interrogatory forming the basis for plaintiff's request 7h asks certain defendants whether the video footage has been abridged or edited. As to the merits of plaintiff's request, defendants respond that the plaintiff had the opportunity to review the footage and is free to review the video footage again upon request. This response is not responsive to the information sought. The court is uncertain whether and to what extent each of the specified defendants is responsible for the video footage at the institution and, therefore, the relevance of the responses may be nil. However, the video footage may well be offered as an exhibit at trial, and whether the footage was edited or abridged is relevant. Defendants shall respond to plaintiff's interrogatory, to the extent that they have personal knowledge.

Next, defendants refused to answer several of plaintiff's interrogatories, and now respond to plaintiff's motion regarding requests 7i, 7j, and 7n, solely on the basis that plaintiff propounded more than 25 interrogatories. Considering that plaintiff is proceeding *pro se* in this matter, considering the plaintiff's limitations in engaging in discovery, and also considering that the court rejected plaintiff's motion to compel responses to several of the interrogatories as explained above, the court will instruct the

defendants to respond to the interrogatories forming the bases of requests 7i, 7j, and 7n.

Finally, plaintiff's eighth request seeks documents regarding Nurse Waltz. Defendants respond that they produced those documents with their responsive papers. Plaintiff does not contest this response. Thus, the court considers plaintiff's request to be moot.

The second and final motion currently before the court is plaintiff's motion to amend his complaint. (Docket #135). Under Federal Rule of Civil Procedure 15, a court should "freely" grant leave to amend pleadings "when justice so requires." Fed. R. Civ. Pro. 15 (a)(2). However, a trial court has "broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Tribble v. Evangelides*, 670 F.3d 753, 761 (7th Cir. 2012) (citations omitted).

The court finds that plaintiff's motion was filed much too late in the proceedings. Plaintiff explains his tardiness in requesting leave to amend by indicating that he learned new facts upon viewing a video tape on May 12, 2014. But his motion for leave to amend was not filed until over two months later, on July 16, 2014. Additionally, the court notes that this matter has been pending for nearly a year, that plaintiff has amended his complaint once already without leave of the court, and that the dispositive motions deadline is days away. Furthermore, this matter is scheduled for jury trial to commence on November 24, 2014; the court scheduled the matter on February 24, 2014, and the parties have had notice since that time. (Docket #74). Permitting amendment would necessarily interfere with this long-established trial schedule. Plaintiff's motion will, therefore, be denied, and

his third amended complaint (Docket #88) remains the operative complaint in this action.

Accordingly,

IT IS ORDERED that plaintiff's motion to compel (Docket #119) be and the same is hereby GRANTED in part and DENIED in part, as detailed above; and

IT IS FURTHER ORDERED that plaintiff's motion for leave to file an amended complaint (Docket #135) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 20th day of August, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge